UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Wilson, Administrator of the Estate of
Randy Wilson,

                Plaintiff,                        Case No. 2:20-cv-2138
                                           Judge Michael H. Watson
        v.                             Magistrate Judge Jolson

Thyssenkrupp Elevator Corp., et al.,

                Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand to State Court (Doc. 11). For the reasons that follow, it is **RECOMMENDED** that the Motion be **DENIED**.

## I.    BACKGROUND

In April 2018, Defendant Thyssenkrupp Elevator Corp ("TKE") began installing elevators at a new Mt. Carmel Hospital in Grove City, Ohio. (Doc. 2, ¶¶ 9–10). One of Defendant TKE's employees, Randy Wilson, was a "temp mechanic" working at the hospital on April 18, 2018, when he was killed by a falling elevator while performing work on a lift control valve allegedly manufactured by Defendant Bucher Hydraulics, Inc. ("Bucher"). (*Id.*, ¶¶ 11–21).

Plaintiff Brian Wilson, as the Executor of the Estate of Randy Wilson, filed this case against Defendants in the Franklin County Court of Common Pleas on April 15, 2020 alleging the following causes of action: 1) employment intentional tort, 2) product liability for design defect, manufacturing defect, and inadequate warning or Instruction, and 3) survivorship. (*See generally* Docs. 1, 2). On April 28, 2020, Defendant TKE removed the case pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (*See* Doc. 1, ¶ 2). Plaintiff subsequently filed a Motion to

Remand, arguing that remand is required because Defendant TKE failed to obtain Defendant Bucher's consent before removing and Defendant Bucher did not consent in writing to the removal within 30 days of being served.  (*See generally* Doc. 11 (citing 28 U.S.C. § 1446(b)(2)(A))).  The Motion is fully briefed and ripe for resolution.

## II.     STANDARD OF REVIEW

"A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally."  *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citing 28 U.S.C. § 1441(a)).  "In cases with multiple defendants, the 'rule of unanimity' requires that each defendant consent to removal."  *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) (citing 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003)).  The removing party bears the burden of establishing that removal is proper.  *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007).  "[R]emoval statutes are to be strictly construed, and all doubts should be resolved against removal."  *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017), *cert. denied sub nom. Cook v. Mays,* 138 S. Ct. 1557, 200 L. Ed. 2d 743 (2018) (citations and internal quotation marks omitted).

## III.    DISCUSSION

Plaintiff moves for remand arguing that Defendant Bucher did not join in the notice of removal, nor timely consent to removal as 28 U.S.C. § 1446 requires.  Defendants offer three arguments in response:  (1) Defendant Bucher was not required to join or consent to removal because it was never properly joined and served, (2) Defendant Bucher did, in fact, consent to removal, and (3) Plaintiff waived its rights and should be estopped from seeking remand. The Undersigned addresses each in turn.

2

**A.  Service of Process**

As a threshold matter, it must be determined whether Defendant Bucher was properly joined and served in this action.  Plaintiff says it was while Defendants say not.

Yet, the Undersigned questions whether it is necessary to address this argument on the merits.  Defendant Bucher did not raise a lack of proper service as an affirmative defense in its Answer.  (*See generally* Doc. 7).  And courts have declined to consider that argument in similar circumstances when ruling on a motion to remand.  *See, e.g.*, *Strauss Co. v. Charter Oak Fire Ins. Co.*, No. 1:08-CV-208, 2009 WL 78438, at *2 (E.D. Tenn. Jan. 9, 2009) (internal citations omitted) ("While West American urges the Court to interpret the removal statute's unanimity requirements loosely, and to find that Plaintiff did not comply with Tennessee law for service of process, the Court concludes it need not reach these arguments.  Charter Oak's December 1, 2008 filing of its answer contained no defense asserting insufficient service of process.  A party waives such a defense when it omits to file a Rule 12(b) motion before its answer or does not include the defense in its answer.  Because any such defense has been waived by Charter Oak's failure to assert it in its answer, West American cannot argue insufficiency of service of process prevented Charter Oak from joining in the removal petition.  The designated agent's oath demonstrates Charter Oak was served with the complaint; hence, its failure to join the removal petition is fatal to West American's opposition to remand under the rule of unanimity.").

Even if the Undersigned were obligated to address Defendants' service of process argument on the merits, it would fail.  In Ohio, "[s]ervice of process may be made outside of this state … upon a person … who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's":

(1)  Transacting any business in this state:
(2)  Contracting to supply services or goods in this state;

(3)  Causing tortious injury by an act or omission in this state . . . ;

Ohio Civ. R. 4.3(A)(1)–(3).

As alleged in the Complaint, Defendant Bucher is a Delaware corporation whose actions satisfied each of those three subparts, ( *see* Doc. 2, ¶ 7), and the Court could infer that those actions caused an event to occur out of which the claim that is the subject of the complaint arose, (*see id.*, ¶¶ 14–21 (alleging problems with a lift control valve manufactured by Defendant Bucher)). Defendants do little to develop their argument to the contrary.  (*See* Doc. 15 at 6 ("The allegations in the Complaint suggest that Bucher may sell some products to Ohio, but Bucher did not sell the valve at issue to anyone in Ohio, Bucher did not perform any act in Ohio related to the valve, etc. Based on the foregoing, Ohio law does not permit Plaintiff to issue service of process to Bucher outside of Ohio.")).  The Undersigned is not persuaded by this undeveloped argument.

Defendants more substantive argument is that Plaintiff did not correctly serve Defendant Bucher under Ohio Civil Rule 4.2.  That Rule provides, in relevant part, that a "domestic or foreign" corporation shall be served: "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation."   Ohio Civ. R. 4.2(F).  Here, no one disputes that Plaintiff served Defendant Bucher at the address of its registered agent in Delaware, The Corporation Trust Company.  But, Defendants argue, Plaintiff was required to serve the Ohio Secretary of State as Defendant Bucher's agent because Defendant Bucher is not licensed to conduct business in Ohio and has not designated an Ohio agent to accept service of process.  (*See* Doc. 15 at 6–8 (citing Ohio Civ. R. 4.2(F); Ohio Rev. Code § 1701.07(H); Ohio Rev. Code § 1703.041; Ohio Rev. Code § 1703.191)).

That argument is flawed because it ignores the plain language of Rule 4.2(F) and related statutory provisions. Under certain circumstances, a litigant *may* complete service through the Ohio Secretary of State, Ohio Rev. Code § 1701.07(H), but there is no requirement that they do so, *see* Ohio Rev. Code § 1701.07(J) ("This section does not limit or affect the right to serve any process, notice, or demand upon a corporation in any other manner permitted by law."); Ohio Rev. Code § 1703.041(H) (same); Ohio Rev. Code § 1703.191 (same). And Plaintiff here completed service of process on Defendant Bucher pursuant to Rule 4.2(F): "by serving the agent authorized by appointment or by law to receive service of process." Defendants' argument fails as a result.

**B.      Rule of Unanimity**

Having concluded that Plaintiff properly served Defendant Bucher, the remaining question is whether Defendants satisfied the rule of unanimity. It "requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Hicks v. Emery Worldwide, Inc.,* 254 F. Supp. 2d 968, 972 (S.D. Ohio 2003). Here, Defendants concede that "ThyssenKrupp did not obtain Bucher's consent to its Notice of Removal, but," they argue, "Bucher unambiguously complied with the unanimity requirement by subsequently consenting to removal within 30 days of alleged service as indicated in the Parties' Joint Rule 26(f) Report." (Doc. 15 at 9).

The Sixth Circuit's decision in *Harper v. AutoAlliance International, Inc.*, is instructive here. 392 F.3d 195 (6th Cir. 2004). The plaintiff there brought a retaliatory discharge claim against multiple defendants—AutoAlliance International, Inc. ("AutoAlliance"), AAI Employee Services Co., L.L.C. ("AAI"), Jeffrey Kelly, and Allen Childress—in Michigan state court. *Id.* at 197–98. AutoAlliance, AAI, and Childress filed a notice of removal based on federal question

jurisdiction. *Id.* at 199. Although "Defendant Kelly did not sign the notice of removal, … the body of the notice stated, Counsel for AutoAlliance, AAI and Childress has obtained concurrence from counsel for the UAW, who represents defendant Jeffrey Kelly, in removing this matter.'" *Id.* Kelly subsequently "answered the complaint and asserted 'that the proper jurisdiction and venue for this case is the U.S. District Court for the Eastern District of Michigan, Southern Division.'" *Id.*

Plaintiff moved to remand the case to state court, arguing that the defendants had not satisfied the rule of unanimity. *Id.* The district court rejected that argument and later entered summary judgment in favor of the defendants. *Id.* at 199–200.

On appeal, the Sixth Circuit held that Kelly's concurrence with the other defendants' notice of removal was sufficient to satisfy the unanimity requirement. *Id.* at 201–02. But even if it was not, the Court continued, Kelly's post-removal conduct satisfied that requirement for two additional reasons. *Id.* at 202. One, "it is clear that Kelly complied with the rule when he filed his answer within 30 days of being served with the complaint." *Id.* Two, "the fact that Kelly subsequently opposed [the plaintiff's] motion to remand cured any purported defect in the removal petition." *Id.* (citing *Klein v. Manor Healthcare Corp.*, No. 92–4328/4347, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994); *Gafford v. General Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993)).

So too here. Within 30 days of Defendant TKE removing the case to this Court, Defendant Bucher filed an Answer (Doc. 7). *Cf. Harper* 392 F.3d at 202 ("[I]t is clear that Kelly complied with the rule when he filed his answer within 30 days of being served with the complaint."). And Defendant Bucher opposed Plaintiff's Motion to Remand. *Cf. id.* (citations omitted) ("[T]he fact that Kelly subsequently opposed [the plaintiff's] motion to remand cured any purported defect in the removal petition."). Defendant Bucher's post-removal conduct satisfied the unanimity

requirement as a result. *See, e.g.*, *Tri-Cty. Pharmacy v. Benzer KY-1, LLC*, No. 7:20-CV-51-REW-EBA, 2020 WL 3100022, at *2 (E.D. Ky. June 11, 2020) (internal citations, quotation marks, and alterations omitted) (denying motion to remand, in part, because "*Harper* ... implicitly authorized a cure for a unanimity defect," finding "that a non-consenting defendant's opposition to a plaintiff's motion to remand cured any purported defect in the removal petition"); *Jr. Food Stores, Inc. v. Hartland Constr. Grp., LLC*, No. 1:19-CV-00076-GNS, 2019 WL 5430355, at *2 (W.D. Ky. Oct. 23, 2019) (citing *Harper* and denying motion to remand because "Hartland's opposition to remand (jointly with People's Bank) clearly communicates Hartland's consent and desire to be in federal court"); *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008) ("At the outset, the City's contest of the validity of the written consents fails because, under Sixth Circuit authority [*Harper*], defendants can express consent to removal without making any filing in writing, but merely by joining in opposition to a motion to remand.").

Plaintiff disagrees. According to him, this Court's prior decisions compel that this case be remanded. (*See* Doc. 11 at 6–8 (citing *Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc.*, 253 F. Supp. 2d 1022 (S.D. Ohio 2003); *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968 (S.D. Ohio 2003)); Doc. 16 at 5–6 (same)). In both cases, this Court found that the filing of an answer was insufficient to satisfy the unanimity requirement. *See P.J. Dick*, 253 F. Supp. 2d at 1025 ("[A]llowing a defendant's ambiguous actions, such as filing an answer which makes no reference to the removal of the case, to satisfy the clear requirements of the statute, or to be considered a factor in the exercise of equitable discretion, simply encourages defendants not to take those simple steps needed to make their intention clear, and to create the desired level of certainty about whether a case was properly removed."); *Hicks*, 254 F. Supp. 2d at 972 ("[A] non-removing defendant's filing of motions or

pleadings in the federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the requirements of § 1446. Accordingly, the Court rejects TTS's argument that it has consented to Emery's removal of this action by way of its filing an Answer and a Motion to Dismiss with the Court. Such actions, without more, are insufficient to constitute an expression of consent."). But those decisions pre-date *Harper*, a binding decision of the Sixth Circuit. *Harper* guides the Court here, and like other district courts in this Circuit to have considered *Harper*, the Undersigned finds that Defendant Bucher's post-removal conduct was sufficient to satisfy the unanimity requirement.

Given this conclusion, the Undersigned need not address Defendants' argument that Plaintiff waived his right to seek remand.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand to State Court (Doc. 11) be **DENIED.**

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

8

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   August 3, 2020                                    /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE