UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Wilson,
Administrator of the Estate
of Randy Wilson,

       Plaintiff,                            Case No. 2:20-cv-2138

       v.                                Judge Michael H. Watson

ThyssenKrupp Elevator Corp., *et al.*,       Magistrate Judge Jolson

       Defendants.

## OPINION AND ORDER

Brian Wilson ("Plaintiff") sued ThyssenKrupp Elevator Corporation ("ThyssenKrupp"), Bucher Hydraulics, Inc. ("Bucher"), and various John Doe individuals and entities in the Franklin County Court of Common Pleas after Plaintiff's son, Randy Wilson, was tragically killed while performing maintenance on an elevator. *See* Compl., ECF No. 2. ThyssenKrupp removed the case to this Court, Notice of Removal, ECF No. 1, and Plaintiff moves to remand. Mot. Remand, ECF No. 11. For the following reasons, Plaintiff's motion is **DENIED**.

## I.    PROCEDURAL HISTORY

Plaintiff filed his Complaint in the Franklin County Court of Common Pleas on April 15, 2020. Notice of Removal ¶ 1, ECF No. 1; *id.* at Ex. 1, ECF No. 1-1. Plaintiff effected service of process on ThyssenKrupp on April 17, 2020, Notice of

Removal ¶ 3, ECF No. 1, and, unbeknownst to ThyssenKrupp, Plaintiff perfected

service of process on Bucher on April 23, 2020.  Mot. Remand, ECF No. 11.

On April 28, 2020, ThyssenKrupp removed the case to this Court based on

diversity jurisdiction, erroneously stating in its Notice of Removal that no other

defendant in the state-court action had been served and, thus, consent to

removal from other defendants pursuant to 28 U.S.C. § 1446(b)(2)(A) was not

required.  Notice of Removal ¶ 5, ECF No. 1.

Bucher did not join the Notice of Removal.  *See generally*, Notice of

Removal, ECF No. 1.  Bucher did, however, file an Answer in this Court to

Plaintiff's Complaint, ECF No. 7, and Bucher joined the Rule 26(f) Report of the

parties, which stated that no party contested venue or jurisdiction in this Court.

Rule 26(f) Report, ECF No. 9.

Plaintiff moved to remand on the basis that all Defendants who were

properly joined and served did not join in or consent in writing to the removal, as

required by § 1446(b)(2)(A).  Defendants jointly opposed Plaintiff's motion, ECF

No. 15, arguing that: **(1)** Bucher's consent was not needed because Bucher was

not properly joined and served, (2) Bucher did consent telephonically during the

Rule 26(f) conference and in writing via the Rule 26(f) Report, and (3) Plaintiff

waived his right to move for remand.

Magistrate Judge Jolson issued a Report and Recommendation ("R&R")

recommending the Court find that Bucher was properly served, Bucher

consented in writing to the removal by filing an Answer and opposing Plaintiff's

motion to remand, and the Court need not consider whether Plaintiff waived his right to seek remand. R&R, ECF No. 17. The R&R notified the parties of their right to object to the same and specifically advised the parties that a failure to object would result in a waiver of both review by the Undersigned and appeal of the Undersigned's decision to adopt the R&R. *Id.* at 8–9.

No party objected to the portion of the R&R recommending the Court conclude that Bucher was properly joined and served in the state-court action prior to removal. Accordingly, the Court **ADOPTS** that recommendation from the R&R without further review.

Plaintiff timely objected to the R&R's finding that Bucher consented to removal. Accordingly, the Court limits its consideration to that aspect of the R&R.

## II.    STANDARD OF REVIEW

Motions to remand are dispositive. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001). Thus, Magistrate Judge Jolson properly issued an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Under that rule, the Undersigned determines *de novo* any portion of the R&R that has been properly objected to and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.   ANALYSIS

28 U.S.C. § 1441 permits the removal of certain civil actions to federal district court, and § 1441(a) states that, typically, a defendant may remove to this Court any civil action over which this Court would have original jurisdiction.

The process of removing a case to this Court is set forth in 28 U.S.C. § 1446.  As is pertinent to this case, § 1446(b) states that a notice of removal must be filed by a defendant within thirty days of that defendant receiving a copy of the Complaint, a requirement ThyssenKrupp undisputedly met here, and that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(1), (2)(A).  The latter requirement is often referred to as "the rule of unanimity."

As stated above, the Court adopts the R&R's finding that Bucher was properly served in this case.  All parties concede that Bucher did not join in ThyssenKrupp's Notice of Removal.  They dispute, however, whether Bucher satisfied the rule of unanimity by timely consenting to the removal of the action.

Consent to removal must be made in writing within thirty days of service of process to satisfy the rule of unanimity.  *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).  Bucher argues that the parties' joint Rule 26(f) Report, which was filed within thirty days of Bucher being served, amounts to unambiguous written consent because the report states that no party contests venue or jurisdiction in this Court.  Rule 26(f) Report, ECF No. 9; Resp. 9–10, ECF No. 15.

Plaintiff counters that the Rule 26(f) Report does not amount to unambiguous consent to removal because the fact that all parties agree that venue and jurisdiction is *proper* in this Court means only that all parties agree the case is removable under § 1441(a)—agreeing that a case *may* be removed is not the same as *consenting* to such removal. Reply 5–6, ECF No. 16. Plaintiff further argues that Bucher's Answer (also filed within thirty days of service) is similarly insufficient to constitute unambiguous written consent to removal as it does not mention removal. Mot. Remand 6–8, ECF No. 11. Plaintiff relies on two opinions from this Court to support his position: *Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental and Reinforcing Ironworkers v. P.J. Dicks, Inc.*, 253 F. Supp. 2d 1022 (S.D. Ohio 2003) and *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968 (S.D. Ohio 2003).

Both of those cases support Plaintiff's argument. As relevant here, this Court concluded in *P.J. Dicks* that a defendant who did not sign a notice of removal did not unambiguously consent to removal merely by filing an answer in federal court. 253 F. Supp. 2d at 1025 ("Allowing a defendant's ambiguous actions, such as filing an answer which makes no reference to the removal of the case, to satisfy the clear requirements of the statute, or to be considered a factor in the exercise of equitable discretion, simply encourages defendants not to take those simple steps needed to make their intention clear, and to create the desired level of certainty about whether a case was properly removed."). Similarly, in *Hicks*, this Court held that the post-removal filing of an answer and

motion to dismiss did not amount to unambiguous consent to removal. 254 F. Supp. 2d at 975 ("a non-removing defendant's filing of motions or pleadings in the federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the requirements of § 1446."). *Hicks* also held that the failure to timely consent to removal was not a technical defect that could be cured by consenting after the thirty-day period for doing so had expired. *Id.* at 977.

However, neither *P.J. Dicks* nor *Hicks* are binding on this Court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (internal quotation marks and citation omitted)). Moreover, since those opinions were issued, the United States Court of Appeals for the Sixth Circuit has clarified that a breach of the rule of unanimity is a technical defect to removal. *Loftis*, 342 F.3d at 516–17. Technical defects can generally be cured beyond the thirty-day time limit. *Klein v. Manor Healthcare Corp.*, Nos. 92–4328, 92–4347, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994).

Indeed, since both *P.J. Dicks* and *Hicks* were decided, the Sixth Circuit has explicitly stated that a defendant can timely consent to removal by filing (within thirty days of service) an answer in federal court that expressly consents to the federal court's jurisdiction. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004) ("In his answer, filed [within thirty days of service], Kelly

stated, 'Defendant Kelly asserts that the proper jurisdiction and venue for this case is the U.S. District Court for the Eastern District of Michigan, Southern Division.'  Thus, the district court correctly concluded that Kelly's answer complied with the rule of unanimity.").[1]

Moreover, *Harper* stated that a defendant who failed to join in a removal petition or to timely consent to removal can cure the unanimity defect by opposing a plaintiff's motion to remand, even if that opposition is filed beyond the thirty-day deadline for consenting to removal.  *Id.* ("In addition, the fact that Kelly subsequently opposed Harper's motion to remand cured any purported defect in the removal petition." (citations omitted)); *id.* at 199 (noting the pertinent defendant was served on July 24, 2002, and did not file his opposition to the plaintiff's motion to remand until September 19, 2002).

Even if the instructive language in *Harper* is dicta as opposed to alternate holdings, the Court gives it "serious consideration."  *Jermano v. Graco Children's Prods., Inc.*, No. 13–cv–10610, 2015 WL 1737548, at *3 (E.D. Mich. Apr. 16, 2015) (citation omitted).  The Court finds the Sixth Circuit's guidance on this issue in *Harper* more persuasive than district court opinions that pre-dated *Harper*.  This is especially so given that *City of Cleveland v. Ameriquest Mortg.*

---

[1] *Harper* held that the unanimity requirement is satisfied if counsel for the removing defendant states in the Notice of Removal that the properly joined and served defendant has consented to removal, even if that defendant's counsel does not sign the Notice of Removal.  392 F.3d at 201–02.  That holding is thus not relevant to this case as ThyssenKrupp did not make such a representation about Bucher in its Notice of Removal.

*Servs., Inc.*, another published Sixth Circuit case decided since *P.J. Dicks* and *Hicks*, cites *Harper* in its own dicta for the proposition that a defendant can satisfy the unanimity requirement by opposing a plaintiff's motion to remand. 615 F.3d 496, 501 (6th Cir. 2010) ("This circuit has identified at least three ways to satisfy this rule [of unanimity]: all parties that have been served or otherwise properly joined may (1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand." (citations omitted)).

Here, Bucher filed an Answer to Plaintiff's Complaint within thirty days of being served. *See* Answer, ECF No. 7. Unlike with the answer filed in *Harper*, Bucher's Answer did not expressly consent to jurisdiction and venue in this Court. However, Bucher also joined in the Rule 26(f) Report of the parties. Rule 26(f), ECF No. 9. That report was also filed within thirty days of Bucher being served, and that report explicitly states that no party contests venue or jurisdiction. *Id.* at 2. The Court agrees with Plaintiff that conceding that a federal court *can* exercise jurisdiction over a case because subject-matter jurisdiction exists is a separate and distinct issue from *agreeing* to remove a case from state court to said federal court. Indeed, a party can never consent to removal to federal court unless that federal court has jurisdiction and venue would be proper there. Nonetheless, the Sixth Circuit stated in *Harper* that an answer asserting jurisdiction and venue were proper in the federal court satisfied § 1446's consent requirement. Analogously, this Court finds that a Rule 26(f) Report that includes the same assertion satisfies the consent requirement such that Bucher timely

consented to removal.[2]  Thus, because Bucher timely filed both an Answer and a

Rule 26(f) Report in this case, the Court finds Bucher timely consented to

removal.

Additionally, Bucher's opposition to Plaintiff's motion to remand, ECF No.

15, cured any defect in the rule of unanimity, even though it was filed after the

thirty-day consent window.  Although some district courts in this circuit have

concluded that consent via opposition to a motion to remand must be filed within

thirty days of service, at least two other circuits and one district court in this

circuit have agreed with the approach stated in *Harper* and found that even an

untimely opposition to a motion to remand can cure a unanimity defect.  *See*

*Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015)

("A technical defect related to the unanimity requirement may be cured by

opposing a motion to remand prior to the entry of summary judgment.");

*Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009) ("[E]ven

assuming that Home Depot's answer failed to satisfy the unanimity requirement,

resulting in a technical defect in the removal process, the defect was

subsequently cured when Home Depot opposed Esposito's remand motion,

thereby clearly communicating its desire to be in federal court." (citations

---

[2] Indeed, the totality of the Rule 26(f) Report shows that Bucher unambiguously consented to removal.  The joint report is replete with the parties' agreed deadlines for discovery and dispositive motions for litigation in this Court, indicating that all parties who joined the report envisioned litigating here.  Notably, the report provided the parties an opportunity to describe "any other matters for the Court's consideration," *id.* at 4, and the parties did not indicate that Bucher opposed removal.

omitted)); *JR Food Stores, Inc. v. Hartland Constr. Grp., LLC*, No. 1:19-cv-76-GNS, 2019 WL 5430355, at *2 (W.D. Ky. Oct. 23, 2019) (denying motion to remand where defendant did not join in petition for removal or timely consent to removal but did oppose the plaintiff's motion to remand approximately sixty days after being served with process). Thus, even if Bucher did not timely consent, it cured any defect by unambiguously consenting through its opposition to Plaintiff's motion to remand.

## IV.    CONCLUSION

For the above reasons, the Court **ADOPTS** the R&R, ECF No. 17, and **DENIES** Plaintiff's motion to remand, ECF No. 11. The Clerk shall terminate ECF Nos. 11 & 17.

**IT IS SO ORDERED.**

_____ */s/ Michael H. Watson* _____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**