IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN WILSON,

        Plaintiff,

    v.

THYSSENKRUPP ELEVATOR
CORPORATION, et al.,

        Defendants.

Civil Action 2:20-cv-2138
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Defendants TK Elevator Americas Corporation's ("TK Americas") and TK Elevator Manufacturing, Inc.'s ("TK Manufacturing") Motion to Stay Discovery (Doc. 53). For the following reasons, the Motion (Doc. 53) is **DENIED**.

**I.    BACKGROUND**

Elsewhere the Court has summarized this case:

On April 18, 2018, Plaintiff's son, Randy Wilson, was crushed by an elevator platform while working for Defendant TK Elevator Corporation, f/k/a ThyssenKrupp Elevator Corporation ("TK"). (*See generally* Doc. 2). Mr. Wilson was attempting to work on a lift control valve allegedly manufactured by Defendant Bucher Hydraulics, Inc. ("Bucher"). (*Id*.). In his Complaint, Plaintiff brings an employment intentional tort claim against Defendant TK, a product liability claim against Defendant Bucher, and a survivorship claim against all Defendants. (*Id*.). After an initial filing in state court, the case was removed to this Court on April 28, 2020. (Doc. 1).

Defendant TK did not definitively indicate whether it was responsible for the design or manufacture of the elevator until November 2020, when it stated "it did not design or manufacture" the elevator, in response to Plaintiff's first set of interrogatories. (Doc. 32-1 at 8; Doc. 34 at 4; Doc. 35 at 1). Plaintiff then reviewed discovery documents received from Defendant TK in November 2020 and later Defendant Bucher in February 2021. (Doc. 32 at 4). On May 6, 2021, Plaintiff, believing there were discrepancies in the discovery, filed for supplemental discovery to determine whether TK designed or manufactured the elevator. (*Id*. at 5). On July 27, 2021, in response to Plaintiff's second set of interrogatories, Defendant TK identified "TK Elevator Manufacturing, Inc." as the company

responsible for the design of the elevator. (Doc. 32 at 5; Doc. 32-2 at 5).
(Doc. 38 at 1–2).

Thus, Plaintiff filed a Motion to Amend Complaint (Doc. 32) seeking to add two additional defendants, TK Manufacturing and TK Americas. The Court granted the Motion to Amend. (Doc. 38). First, the Court found that Plaintiff showed good cause under Federal Rule of Civil Procedure 16(b). (*Id.* 4–5). Next, it concluded Plaintiff satisfied Rule 15(a), finding no evidence of bad faith or dilatory motive, no evidence of repeated failures to cure deficiencies by previous amendments, and that the proposed amendment was not obviously futile. (*Id.* at 5–6). Finally, the Court found Plaintiff met the relation back standard under Rule 15(c) because the claim against the new Defendants arose out of the same conduct, transaction, or occurrence, and those Defendants had notice and knew or should have known they would have been named as defendants, but for Plaintiff's mistake in their identity. (*Id.* at 6–8). TK Manufacturing and TK Americas then moved to dismiss. (Doc. 50).

Now TK Manufacturing and TK Americas ask the Court to stay discovery until the Court decides their pending Motion to Dismiss. The Motion to Stay Discovery is fully briefed and ripe for consideration. (Docs. 53, 57, 59).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). As is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address

the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *E.g., id.*

Yet, in "special circumstances," a stay may be appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed[,]" *Shanks*, 2009 WL 2132621, at *1 (citations omitted), or where the motion to dismiss is based on lack of jurisdiction, *see Young v. Mesa Underwiters Specialty Ins. Co.,* No. 2:19-CV-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020).

Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010). Still, "the Court must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Young*, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020) (internal brackets and quotation marks omitted) (citing *Ohio Valley Bank*, 2019 WL 2170681, at *2).

### III. DISCUSSION

As is often the case with motions to stay discovery while a dispositive motion pends, "[b]oth sides have legitimate concerns: Plaintiff does not want this case to languish; Defendants

[TK Americas and TK Manufacturing] do not want to spend resources unnecessarily." *Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021).

TK Americas and TK Manufacturing make two arguments in support of a stay. First, they note that they have challenged the timeliness of Plaintiff's claims. (Doc. 53 at 6). Yet, this Court often denies requests to stay discovery where timeliness has been raised. *See, e.g.*, *Bowens*, 2010 WL 3719245, at *2. In cases where a stay is granted, it tends to be where it is "almost certain" that the complaint is going to be dismissed. *Ohio Valley Bank*, 2019 WL 2170681, at *2; *see Blevins v. Premium Merch. Funding One, LLC*, No. 2:18-CV-00377, 2018 WL 4501068, at *1 (S.D. Ohio Sept. 20, 2018) (quoting *DiYanni v. Walnut Twp. Bd. of Educ.*, No. 2:06-CV-0151, 2006 WL 2861018, at *2 (S.D. Ohio Oct. 4, 2006)) (finding that a stay may be appropriate for motions to dismiss presenting a "narrow legal issue (such as the running of the statute of limitations) which is easily evaluated in order to determine whether the motion to dismiss has merit."). But here, the defense is "fairly debatable." *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020). This is especially true given that the Court concluded that the claims related back and allowed amendment. (*See* Doc. 38). Thus, it is not at all certain that Plaintiff's claims are untimely or otherwise will be dismissed.

Defendants cite *Meros v. Dimon*, No. 2:18-CV-00510, 2018 WL 4560596, at *2 (S.D. Ohio Sept. 24, 2018), to say otherwise. (Doc. 59 at 3). But the Court in *Meros* granted the stay because the dispositive motion presented "threshold legal questions regarding absolute judicial immunity and statute of limitations." *Meros*, 2018 WL 4560596, at *2. This case does not involve judicial immunity so *Meros* is not instructive.

Defendants also argue that discovery should be stayed because Plaintiff has failed to plead his claims with the requisite plausibility. (Doc. 53 at 6). But the Court declines to "make . . .

4

preliminary finding[s]" regarding "the likelihood of success on the motion to dismiss," because it "would circumvent the procedures for resolution of such a motion." *Young*, 2020 WL 7407735, at *2 (citing *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018)). And again, the "Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Shanks*, 2009 WL 2132621, at *1.

Finally, the balance of hardships weighs in favor of allowing discovery to proceed. Denial of the stay will result in Defendants spending "time and money on discovery that may subsequently be moot after a ruling on" the Motion to Dismiss. *Young*, 2020 WL 7407735, at *2, *see also* (Doc. 53 at 4 ("Plaintiff's discovery requests . . . are exhaustive. . .")). The Court recognizes this burden, "[b]ut it is the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. Moreover, staying discovery potentially will prejudice Plaintiff by delaying the resolution of this case. *Id.*, at *2. "As reflected in the Federal Rules," Plaintiff deserves his case to be heard "in a timely and efficient manner." *Id.* at *3. Staying discovery, especially in a case that has been pending since April 2020, would undermine this goal.

IV.    CONCLUSION

For the foregoing reasons, the Motion to Stay Discovery (Doc. 53) is **DENIED**.

IT IS SO ORDERED.

Date:   January 19, 2022                      /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE

5