IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN WILSON,**
*Administrator of the Estate of Randy Wilson*,

        **Plaintiff,**

v.

**THYSSENKRUPP ELEVATOR
CORPORATION, et al.,**

        **Defendants.**

Civil Action 2:20-cv-2138
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Motion to Compel. (Doc. 80). For the following reasons, the Motion is **GRANTED**, but Plaintiff's request for costs is **DENIED**.

**I.    BACKGROUND**

This case arises from the death of Plaintiff's son, Randy Wilson. He was crushed by an elevator platform while working for Defendant TK Elevator Corporation, f/k/a ThyssenKrupp Elevator Corporation ("TK"). (*See generally* Doc. 39). In September 2021, Plaintiff filed the Amended Complaint (Doc. 39) adding Defendants TK Manufacturing and TK Americas. TK Manufacturing has made numerous challenges to being a party in this case (Docs. 38, 50, 68), and has attempted to stay discovery more than once (Doc. 53, 65). All of those efforts have failed. (Docs. 62, 67, 82, 84). And notably, the Court has allowed Plaintiff to proceed with his design defect, inadequate warning, and survivorship claims. (Doc. 84).

In November 2021, Plaintiff submitted discovery requests to TK Manufacturing. (Doc. 64-2 at 79). Plaintiff filed the first Motion to Compel (Doc. 64) but ultimately withdrew it

(Docs. 77, 78) after TK Manufacturing responded in March 2022 (Doc. 80-3 at 50). Plaintiff then identified deficiencies (Doc. 80-1), but TK Manufacturing never responded.

After waiting nearly five weeks for clarification from TK Manufacturing and receiving no response, Plaintiff filed the Second Motion to Compel. (Doc. 80). Only after the Motion was filed did TK Manufacturing respond to Plaintiff. (Doc. 85-1). TK Manufacturing argues that these responses address most of Plaintiff's concerns. (Doc. 85). But Plaintiff says that additional clarification or production is needed. (Doc. 86). The Motion is ripe for review.

**II.     STANDARD**

Two federal rules matter here. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37, for its part, allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine,* 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

2

### III.    DISCUSSION

Plaintiff filed his Second Motion to Compel in April 2022. Only after this filing, did TK Manufacturing respond to Plaintiff's discovery requests. (Doc. 85-1). In Response to the Motion to Compel, TK Manufacturing argues that (1) Plaintiff did not properly exhaust extrajudicial means of resolution, (2) their responses address the issues raised in Plaintiff's Motion, and (3) they are not required to disclose financial information at this time. (Doc. 85). Plaintiff, in reply, argues that (1) he properly exhausted extrajudicial means; and (2) TK Manufacturing should be ordered to further clarify or produce information. (Doc. 86). Because Plaintiff has narrowed his requests (Doc. 86), the Court does the same. And, for the following reasons, Plaintiff's Motion is **GRANTED**.

#### A.    Extrajudicial Means

Plaintiff properly exhausted extrajudicial means of resolving this issue. Local Rule 37.1 requires parties to "first exhaust[] among themselves all extrajudicial means for resolving their differences" before filing a motion. S.D. Ohio Civ. R. 37.1. On March 16, 2022, Plaintiff sent an email to defense counsel to resolve discovery issues "in an attempt to avoid court intervention." (Doc. 80-1 at 1). Plaintiff requested a response within three weeks. (*Id.* at 4). After nearly five weeks with no response, Plaintiff filed the Second Motion to Compel. Only after the Motion was filed did TK Manufacturing respond. (Doc. 85-1). Put simply, extrajudicial resolution failed because TK Manufacturing did not respond. Indeed, Plaintiff attempted to confer and was ignored for over a month. Thus, Plaintiff has satisfied his burden to confer extrajudicially.

#### B.    Boilerplate Objections and Narrative Response

Substantively, Plaintiff argues that TK Manufacturing's boilerplate objections and narrative response objections are improper. (Docs. 80 at 3–4, 86 at 3–4). So he requests TK Manufacturing to clarify what information was withheld and the specific basis for doing so.

3

Regarding the boilerplate objections, TK Manufacturing says that the overbroad or unduly burdensome objection applies to "components of Elevator 12 which were not involved in Decedent's incident[.]" (Doc. 85 at 3 (citing Exhibit A)). Plaintiff says it is not clear how TK Manufacturing "decided what was 'not involved' in the incident." (Doc 86 at 3). Plaintiff asks the Court to order TK Manufacturing to "clarify where it subjectively decided to draw the line as to what was 'not involved.'" (*Id.*).

As for the narrative response objection, TK Manufacturing says that Plaintiff failed to identify specific interrogatories at issue and that they will respond if Plaintiff does so. (Doc. 85 at 4). Plaintiff counters that he needs to know "whether *any* information was withheld on the basis of a narrative response objection." (Doc. 86 at 3–4 (emphasis in original)).

At base, Plaintiff has tried to get clarification on TK Manufacturing's objections and cannot, so he asks for the Court's help. Upon review, the Court concludes that Plaintiff's requests are reasonable. TK Manufacturing is **ORDERED** to clarify whether any information or documents have been withheld, and, if so, to identify the information or documents being withheld and the specific basis for doing so within **twenty-one (21) days** of the date of this Opinion and Order.

The Court notes that TK Manufacturing must engage in a dialogue with Plaintiff regarding discovery objections so that Plaintiff can assess whether responsive information is being withheld. These clarifying conversations are essential to an efficient discovery process and ideally will not require future Court involvement.

C. **Interrogatory Answers**

In Plaintiff's Interrogatories 25 and 26, he seeks "the identity of any employees or agents that participated in an investigation of the Incident and the results of such investigation." (Doc. 86 at 4). TK Manufacturing says the issue is resolved because they identified Tony Hamlet. (Doc. 85

at 4–5).  Plaintiff requested clarification and received no response.  (Doc. 86 at 5).  Specifically, Plaintiff wants confirmation that Mr. Hamlet was the only employee or agent that participated in the investigation.  If he was not, and others participated, Plaintiff requests the results of their investigations.

Plaintiff's interrogatories (Doc. 80-2 at 17) are relevant and not unduly burdensome.  Further, TK Manufacturing may only need to confirm that one employee participated in the investigation and thus the response is complete.  Accordingly, TK Manufacturing is **ORDERED** to either disclose additional employees or agents that participated in the investigation and the results of their investigation, or confirm that Mr. Hamlet was the only inspecting employee within **twenty-one (21) days** of the date of this Opinion and Order.

  D.  **Document Requests**

*Requests 58 and 59*:  Plaintiff seeks "documents that reflect any investigation and/or the results of any investigation conducted by TK Manufacturing." (Doc. 86 at 5).  TK Manufacturing states that "it did not conduct any investigation of the incident prior to the filing of Plaintiff's Amended Complaint" (Doc. 85 at 5 (citing April 2022 letter)), and that investigations after the filing of the Amended Complaint are "undoubtedly protected by work product doctrine and attorney client privilege[]" (*Id.* at 6).  Plaintiff seeks additional clarification and production. (Doc. 86).

First, Plaintiff seeks clarification on TK Manufacturing's inconsistent responses regarding pre-suit investigations. (Doc. 86 at 5).  TK Manufacturing says Mr. Hamlet participated in a pre-suit investigation, yet in response to Requests 58 and 59, says there are no pre-suit investigations. (*See* Doc. 85-1 at 2).  TK Manufacturing's responses regarding pre-suit investigations are inconsistent.  And Plaintiff's underlying requests for investigation documents (Doc. 80-2 at 34–35) are relevant and not unduly burdensome.  Accordingly, regarding pre-suit investigations, TK

Manufacturing is **ORDERED** to either produce responsive documents to Plaintiff's Requests 58 and 59, or clarify the seemingly inconsistent responses to these requests and the interrogatory regarding Mr. Hamlet within **twenty-one (21) days** of the date of this Opinion and Order.

Second, Plaintiff argues that post-suit investigations are not always protected. (*Id.*). TK Manufacturing asserts the work product protection and attorney-client privilege regarding post-suit investigations. (Doc. 85 at 6). TK Manufacturing bears the burden of proof to establish the work product protection, *see Gruenbaum*, 270 F.R.D. at 303 (citing *U.S. v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006)), and must produce a privilege log to assert the attorney-client privilege. To the Court's knowledge, TK Manufacturing has done neither. So, regarding post-suit investigations, TK Manufacturing is **ORDERED** to either produce responsive documents to Plaintiff's Requests 58 and 59, or provide a basis for asserting the work product protection and a privilege log within **twenty-one (21) days** of the date of this Opinion and Order.

*Requests 68 and 69*: Plaintiff seeks documents reflecting TK Manufacturing's annual income and profit for the last ten years, and the income and profit made from sales of the elevator involved in the incident and at the site. (Doc. 80-3 at 48). TK Manufacturing objects, stating in part that these documents are not relevant. (*Id.* at 48–49, Doc. 85 at 6). Plaintiff argues that these requests are relevant to the feasibility of an alternative design, which is a component of Plaintiff's design defect claim. (Docs. 80 at 7, 86 at 6); *see also* Ohio Rev. Code § 2307.75(C)(2) (stating that when considering the benefits associated with the design of a product, "the technical and economic feasibility, when the product left the control of its manufacturer, of using an alternative design or formulation" should be considered). Plaintiff also argues the request is relevant to punitive damages. (Doc. 86 at 6).

The Court concludes that Plaintiff has established the relevance of the requests. TK Manufacturing offers no basis for the Court to conclude the requests are unduly burdensome. Accordingly, TK Manufacturing is **ORDERED** to produce responsive documents to Plaintiff's Requests 68 and 69 within **twenty-one (21) days** of the date of this Opinion and Order.

*Additional Documents*: Plaintiff also raises an issue with documents that TK Manufacturing is continuing to produce. (Docs. 80 at 8, 86 at 6). TK Manufacturing said it was continuing to work on: Reviewing picture boxes; Reviewing Excel spreadsheets; and Producing drawings of the parts of the power/pumping unit for Elevator 12. (Doc. 85 at 6–7). In the interest of expediency, TK Manufacturing is **ORDERED** to respond to Plaintiff regarding these issues and produce responsive documents within **twenty-one (21) days** of the date of this Opinion and Order.

### E. Attorney's Fees

Plaintiff requests an award of costs incurred in seeking the requested discovery. (Doc. 86 at 7). At this time, the request for costs is **DENIED**. Still, the Court reminds TK Manufacturing of its obligation to participate meaningfully in discovery going forward. Failure to comply with this Opinion and Order or other discovery abuses will result in an award of fees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion to Compel is **GRANTED**. Within **twenty-one (21) days** of this Opinion and Order TK Manufacturing is **ORDERED** to respond consistent with this Opinion and Order. Plaintiff's request for costs is **DENIED**.

IT IS SO ORDERED.

Date: June 7, 2022

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE