UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Brian Wilson,** *Administrator of the Estate of Randy Wilson,*

    **Plaintiff,**

v.

**ThyssenKrupp Elevator Corporation,** *et al.,*

    **Defendants.**

Case No. 2:20-cv-2138

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

ThyssenKrupp Manufacturing, Inc. ("Defendant") objects to Magistrate Judge Jolson's Order granting Brian Wilson's ("Plaintiff") motion to compel certain discovery requests. ECF No. 93. For the following reasons, Defendant's objections are **OVERRULED**.

### I. BACKGROUND

The tragic facts of this case have been discussed at length in several of the Court's previous orders, including the last time the Court overruled Defendant's objections to one of the Magistrate Judge's orders. *See, e.g.*, ECF Nos. 82 & 84. To summarize, this case arises out of the tragic death of Brian Wilson's ("Plaintiff") son, Randy Wilson ("Mr. Wilson"), who was fatally injured during a construction accident involving an elevator on April 18, 2018. *See generally*, Amend. Compl., ECF No. 39.

In his original Complaint, Plaintiff asserted various claims against ThyssenKrupp Elevator Corporation ("TKE"), Bucher Hydraulics, and John Doe defendants. Compl. ¶¶ 26–72, ECF No. 2. At some point, Plaintiff learned that TKE was not the manufacturer of the allegedly defective elevator and moved for leave to amend his Complaint, which the Court granted. See ECF Nos. 32, 38, & 82. In the Amended Complaint, Plaintiff asserts products liability claims against Defendant and other ThyssenKrupp entities. See generally, Amend. Compl., ECF No. 39.

Since its addition to the case, Defendant has protested its inclusion in the action. Not only did it follow the usual course of filing a motion to dismiss, but it moved to stay the case pending the resolution of the same. ECF Nos. 50 & 53. When Magistrate Judge Jolson denied the motion to stay, Defendant objected and moved for a stay of her denial. ECF Nos. 65 & 66. The Court affirmed the Magistrate Judge's Order but *sua sponte* granted Defendant additional time to object to the order granting Plaintiff leave to amend the Complaint. ECF No. 67. Defendant did so, and the Court then overruled the objection. ECF Nos. 68 & 82. Most recently, the Court denied in large part Defendant's motion to dismiss the Amended Complaint. ECF No. 84.

In spite of these repeated unfavorable rulings, Plaintiff reported that Defendant and the other defendants refused, at least in part, to engage in discovery. ECF No. 64. Apparently, Defendant did "not intend to serve formal responses unless the Court denies [their] pending Motion to Dismiss and/or

Motion to Stay Discovery." Mot., Ex. D, ECF No. 64-4. The Court had hoped that the ruling on Defendant's objection to the Amended Complaint would resolve the issue, but Plaintiff soon filed another motion to compel discovery, in which Plaintiff asked the Court to compel Defendant to fully respond to certain discovery requests and for sanctions. See ECF Nos. 67 & 80.

Magistrate Judge Jolson granted Plaintiff's motion to compel but denied the motion for sanctions. Order, ECF No. 90. In her order (the "Order"), the Magistrate Judge found that Plaintiff had properly exhausted extrajudicial means of resolving the issue. Id. at 3. She found that Plaintiff made reasonable requests for clarification of certain objections and interrogatories, and she ordered Defendant to clarify the same. Id. at 3–5. Finally, the Magistrate Judge found that Plaintiff's at-issue document requests were relevant, not unduly burdensome, and that Defendant had not established privilege as to the documents. She ordered Defendant to produce the documents or clarify to Plaintiff why the documents need not be produced. Id. at 5–7. Finally, Magistrate Judge Jolson denied Plaintiff's motion for sanctions but cautioned Defendant that "[f]ailure to comply with this Opinion and Order or other discovery abuses will result in an award of fees." Id. at 7.

A few days after Magistrate Judge Jolson's Order, the parties submitted a joint report in which they painted a picture of cooperation on outstanding discovery issues. ECF No. 92. However, Defendant now objects to the Magistrate Judge's Order. ECF No. 93.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) governs the review of a magistrate judge's order which is not dispositive of a claim or defense. Rule 72(a) provides a district judge must consider timely objections to the magistrate judge's order and must "modify or set aside any portions of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id*. "The 'clearly erroneous' standard applies to the magistrate judge's factual findings and the 'contrary to law' standard applies to the legal conclusions." *Derrick Gibbs, v. Hamilton Cty. Sheriff Dep't, et al.*, No. 1:21-CV-75, 2022 WL 42366, at *2 (S.D. Ohio Jan. 5, 2022) (internal quotation marks and citations omitted). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks and citations omitted); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007). Legal conclusions are contrary to law "if the magistrate has misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (internal quotation marks and citations omitted).

## III. ANALYSIS

Defendant raises the following objections to Magistrate Judge Jolson's Order: (1) the Magistrate Judge erred in concluding the document production

requests were relevant; (2) the Magistrate Judge erred in finding that Plaintiff exhausted extrajudicial means of resolving the dispute; (3) the Magistrate Judge erred in ordering Defendant to clarify certain responses and in requiring Defendant to "engage in a dialog" with Plaintiff about the discovery process; and (4) the Magistrate Judge erred in ordering Defendant to answer or clarify certain interrogatory responses. Obj. 4–13, ECF No. 93.

<u>Document Production Requests.</u> Defendant objects to Document Production Requests 68 and 69 (the "Requests"), both of which seek financial information about Defendant. Obj. 4–9, ECF No. 93. Defendant now makes two arguments against producing such documents. *Id*. First, Defendant argues the requests are overbroad; second, Defendant argues the requested documents are irrelevant. *Id*.

Defendant forfeited its overbreadth argument by failing to raise it before Magistrate Judge Jolson. Arguments raised for the first time in objections to a Magistrate Judge's ruling are forfeited. *See Doss v. Corizon Med. Corp.*, No. 21-1423, 2022 WL 1422805, at *2 (6th Cir. Mar. 15, 2022) (explaining that a party's argument "first raised . . . in his objections to the magistrate judge's report" was forfeited). Here, Defendant's response brief before Magistrate Judge Jolson supplied her with only four sentences of "argument" against the Requests. Resp. 6, ECF No. 85. If read generously, Defendant raised the issue of relevance, which will be discussed below. *Id*. However, Defendant did not include any

language that even hinted at overbreadth. *Id.* Accordingly, Defendant's objection that the Requests are overbroad is **OVERRULED**.

Turning to Defendant's relevance argument, Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information need not be itself admissible. *Id.* "Relevance for discovery purposes is extremely broad." *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-CV-698, 2022 WL 1204870, at *2 (S.D. Ohio Apr. 22, 2022) (citation omitted). Moreover, determining the scope of discovery is "within the sound discretion of the trial court" upon consideration of a "broad list of open-ended factors." *Nat'l Wildlife Fed'n v. Sec'y of the United States Dep't of Transportation*, 960 F.3d 872, 876 (6th Cir. 2020) (discussing Rule 26(b)(1) as an analogy to certain agency directives).

Defendant spends significant time arguing that the Requests are irrelevant because of perceived deficiencies in Plaintiff's bid for punitive damages. Obj. 4–9, ECF No. 93. Once again, Defendant failed to raise that argument before Magistrate Judge Jolson and, therefore, has forfeited this argument.

Defendant also objects, however, to the Magistrate Judge's conclusion that the Requests are relevant to one of the elements of Plaintiff's design claim. *Id.* at 6–9. As Magistrate Judge Jolson correctly explained, one of the factors to consider in a design defect claim is the "technical and economic feasibility . . . of using an alternative design or formulation." Ohio Rev. Code § 2307.75(C)(2);

see also Order 6–7, ECF No. 90. As Magistrate Judge Jolson aptly concluded, the instruction to consider the economic feasibility of an alternative makes information about Defendant's financials relevant. That is, information about Defendant's financial solvency, profit margins, or other general financial information is relevant to the consideration of what kinds of alternative designs would have been economically feasible for Defendant to use—at least under the broad Rule 26 standard.

Defendant seems to believe that the Requests are irrelevant because Plaintiff has not yet identified the feasible alternative. Obj. 6–9, ECF No. 93. Defendant already tried, and failed, to require Plaintiff to identify an alternative at this early stage of litigation: in its motion to dismiss, it argued Plaintiff's design defect claim failed because Plaintiff had not identified an alternative. *See* ECF No. 50. The Court rejected that argument, and Defendant cannot now attempt to recycle it to evade its discovery obligations. *See* ECF No. 84.

For these reasons, Defendant's objections about Document Requests 68 and 69 are **OVERRULED**.

<u>Exhaustion of Extrajudicial Means.</u> Defendant objects to the Magistrate Judge's factual finding that Plaintiff properly exhausted extrajudicial means of resolving the discovery dispute before seeking the Court's assistance. Obj. 9–10, ECF No. 93. Defendant argues that Plaintiff's motion to compel failed to comply with the meet and confer requirement of Federal Rule of Civil procedure 37. *Id.* In support, Defendant points out that Plaintiff did not include a formal

certification that he conferred or attempted to confer. *Id*. However, this Court has previously explained Rule 37's requirement as follows:

> [Rule 37(a)(1)] "requires counsel to communicate in good faith with each other—via telephone, letter correspondence, or email—to attempt to resolve any discovery disputes prior to the filing of a motion to compel." *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015). [The m]ovant is not required to file a separate document to certify compliance with the meet and confer rules. *See Harris v. Sowers*, 2:16-cv-888, 2019 WL 952735, at *1, 2019 U.S. Dist. LEXIS 30889, at *1 (S.D. Ohio Feb. 27, 2019).

*CSX Transportation, Inc. v. Columbus Downtown Dev. Corp.*, No. CV 2:16-CV-557, 2019 WL 1499164, at *9 (S.D. Ohio Apr. 5, 2019).

Here, Plaintiff represented in his motion that he served discovery on Defendant and received insufficient responses. Mot. 1–2, ECF No. 80. Plaintiff further represented that he attempted to communicate with Defendant about the situation, but Defendant did not respond. Given Defendant's lack of response—and Defendant's prior behavior in this action—Plaintiff filed its second motion to compel. *Id*. Plaintiff's counsel signed the motion and supported these representations with exhibits attached to the motion. *Id*., Ex. A; ECF No 80-1; *Id*., Ex. B; ECF No 80-2; *Id*., Ex. C; ECF No 80-3. On these facts, Plaintiff satisfied Rule 37's requirement, and the Magistrate did not err in considering the motion to compel.

Further, the Magistrate Judge based her factual findings regarding extrajudicial exhaustion on the exhibits attached to Plaintiff's motion. Order 3, ECF No. 93. As explained above, the Court will only overrule a magistrate

judge's factual findings if the moving party points the Court to all the evidence and leaves it "with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks and citations omitted). Here, Defendant has cited to *no* evidence in support of its position, nor has it argued that the Magistrate Judge misjudged the evidence she considered. As such, the Court concludes that Magistrate Judge Jolson's factual finding that Plaintiff exhausted extrajudicial means of resolving the dispute was not clearly erroneous, and this objection is **OVERRULED**.

<u>Clarifying Certain Responses and Engaging in a Dialog.</u> Defendant argues that the Magistrate Judge ordered it "[w]ithout specificity" to clarify whether it had withheld any information or documents and to "engage in a dialog" with Plaintiff about discovery objections. Obj. 10–12, ECF No. 93. This objection is without merit. As another court in this Circuit has explained, discovery is a "cooperative effort:"

> Compliance with the "spirit and purposes" of the discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot "behave responsively" during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation.

*Davis Elecs. Co. v. Springer Cap., LLC*, No. 320CV00038CRSCHL, 2022 WL 904609, at *4 (W.D. Ky. Mar. 28, 2022) (cleaned up); *see also* Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment ("In general, it is hoped that

reasonable lawyers can cooperate to manage discovery without the need for judicial intervention.").

Magistrate Judge Jolson has merely ordered Defendant to do what the Federal Rules already required of it: engage in the collaborative process of discovery. If Defendant believes it needs any clarifications to properly respond to Plaintiff's requests and questions, it should follow the Magistrate Judge's orders and *engage in a dialog* with Plaintiff about the same. This objection is **OVERRULED**.

Interrogatory Responses. Finally, Defendant argues that the Magistrate Judge erred in ordering it to clarify certain interrogatory responses because, according to Defendant, it had already responded properly. Obj. 12–13, ECF No. 93. Defendant then proceeded to explain why its prior answers had been proper. *Id*. In other words, it followed the Magistrate Judge's Order and clarified its prior responses. Accordingly, this objection is **OVERRULED AS MOOT**.

### IV. CONCLUSION

For these reasons, Defendant's objections are **OVERRULED,** and Magistrate Judge Jolson's order is **AFFIRMED**. The Clerk is **DIRECTED** to terminate ECF No. 93.

Further, the parties are **ORDERED** to appear for a status teleconference before Magistrate Judge Jolson at 2:00pm on Thursday, July 7, 2022. The parties are **ORDERED** to submit a joint status report on or before July 6, 2022,

updating the Court on the progress of discovery and the status of the previously reported discovery disputes, and addressing the case schedule.

Lastly, the Court recognizes that no party enjoys being sued.  As outlined above, Defendant has repeatedly resisted engagement in the discovery process outlined in the Federal Rules and in previous Orders of the Court.  Defendant is on notice that the Court will not tolerate further delays or gamesmanship and that any future refusals to comply with the Federal Rules or Orders of this Court will likely result in sanctions.  Moreover, defense counsel are reminded of their ethical obligations first as officers of the Court and cautioned that they shall not lose sight of those obligations in their effort to provide zealous advocacy on behalf of their client (or their client's insurance provider).  Defendant is further **CAUTIONED** that this is its last warning.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**