UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Wilson, *Administrator of the Estate of Randy Wilson*,

    Plaintiff,

v.

ThyssenKrupp Elevator Corporation, *et al.*,

    Defendants.

Case No. 2:20-cv-2138

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

TK Elevator Manufacturing, Inc. and TK Elevator Americas Corporation (collectively, "Defendants") move for a partial judgment on the pleadings. ECF No. 103. Specifically, Defendants move to "dismiss" Plaintiff's "claim" for punitive damages. *Id.* at 11.

Rule 12(c) motions "properly target claims, not remedies." *Goodman v. J.P. Morgan Inv.. Mgmt., Inc.*, No. 2:14-CV-414, 2015 WL 965665, at *6 (S.D. Ohio Mar. 4, 2015) (discussing a Rule 12(b)(6) motion, which is evaluated under the same standard as a Rule 12(c) motion, that challenged a remedy (footnote and citation omitted)); *see also Hogue v. Am. Paper Optics, LLC*, No. 217CV02670MSNDKV, 2019 WL 1313447, at *3 (W.D. Tenn. Jan. 14, 2019) ("A Rule 12(c) motion for judgment on the pleadings evaluates whether a complaint contains sufficient factual matter to state a *claim* to relief, as opposed to the remedies sought in the *demand* for relief." (emphasis in original) (citation

omitted)). That is, "Rule 12(c) tests whether claims have been sufficiently pled, not whether any particular remedies are available." *Hogue*, 2019 WL 1313447, at *3 (internal quotation marks and citations omitted). In sum, the pleadings stage is "not the appropriate time" for a court to rule "on the amount or type of damages or other relief that may be available."[1] *Nutrimost Drs., LLC v. Sterling*, No. 16-CV-13844, 2018 WL 1570624, at *9 (E.D. Mich. Mar. 30, 2018).

Punitive damages are a type of remedy, not an independent cause of action. *See Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 497 (6th Cir. 2019) ("In Ohio, punitive damages are a remedy rather than a cause of action." (citing Ohio law)). Thus, the Court cannot, and will not, "dismiss" a request for punitive damages on a Rule 12(c) motion.

Accordingly, Defendants' motion, ECF No. 103, is **DENIED**. The Clerk shall terminate ECF No. 103.

IT IS SO ORDERED.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Indeed, Defendants seem to understand that it would be inappropriate to rule on the available remedies at the pleadings stage. Throughout the briefing, Defendants argue that Plaintiff's bid for punitive damages fails to meet the relevant "*evidentiary*" standard." *See, e.g.*, Reply 1, ECF No. 111 (emphasis added); Mot. 8, ECF No. 103. Evidence is not considered at the pleadings stage. *See Ross*, 761 F. App'x at 494 ("[I]t would be inappropriate for the district court . . . to consider evidence outside of the pleadings for the purposes of a Rule 12(c) motion.").