IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN WILSON,

        Plaintiff,

    v.                              Civil Action 2:20-cv-2138
                                    Judge Michael H. Watson
THYSSENKRUPP ELEVATOR        Magistrate Judge Kimberly A. Jolson
CORPORATION, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend Complaint. (Doc. 117). For the following reasons, Plaintiff's Motion is **GRANTED**, and the Clerk is **DIRECTED** to docket (Doc. 117-5) as the Second Amended Complaint.

I.      BACKGROUND

On April 18, 2018, Plaintiff's son, Randy Wilson, was crushed by an elevator platform while working for Defendant TK Elevator Corporation, f/k/a ThyssenKrupp Elevator Corporation ("TK"). (*See generally* Doc. 2). Mr. Wilson was attempting to work on a hydraulic lift valve allegedly manufactured by Defendant Bucher Hydraulics, Inc. (*Id.*). In his Amended Complaint, Plaintiff brings an employment intentional tort claim against Defendant TK, a product liability claim against Defendant Bucher Hydraulics, Inc., a product liability claim against Defendants TK Manufacturing and TK Americas, and a survivorship claim against all Defendants. (Doc. 39 at 5–18).

Plaintiff alleges that through the course of discovery, he became aware that Defendant

Bucher Hydraulics, Inc. did not design, manufacture, or supply the Bucher valve at issue in this matter. (Doc. 117 at 5). On October 24, 2022, during the deposition of its corporate representative, Defendant Bucher Hydraulics, Inc. identified "Bucher AG" as the company responsible for the manufacture of the valve. (*Id.*; Doc. 117-4 at 2).

In the instant motion, Plaintiff asks the Court to grant Plaintiff leave to amend his complaint to clarify his claims against Bucher Hydraulics, Inc. and add Bucher AG as a product liability defendant. (Doc. 117 at 6). Due to the age of this case, the Court expedited briefing on this Motion. (Doc. 119). On December 2, 2022, Defendant Bucher Hydraulics, Inc. consented to Plaintiff's Motion. (Doc. 124). None of the remaining Defendants filed a response in opposition to Plaintiff's Motion. The Motion is now ripe for consideration.

## II.    STANDARD

Three federal rules govern Plaintiff's Motion: Rule 16(b), Rule 15(a), and Rule 15(c). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Because Plaintiff moved to amend after the Court's August 20, 2020 amendment deadline, he "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc*., 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co*., LLC, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

Finally, the motion to amend comes after the statute of limitations for the product liability claim has expired and thus the relation back standard under Rule 15(c) also must be met. That rule provides that "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of party against whom a claim is asserted," that claim "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading[,]" and the party to be joined by the amendment, within the period provided by Rule 4(m) for serving the summons and complaint: 1) "received such notice of the action that it will not be prejudiced in defending on the merits;" and 2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c).

### III. DISCUSSION

Plaintiff asserts that through the course of discovery, which he diligently pursued, he discovered Bucher AG was the manufacturer of the Bucher valve, not Defendant Bucher Hydraulics, Inc. (Doc. 117 at 5). Defendant Bucher Hydraulics, Inc. consented to the proposed

3

second amended complaint without waiver of any defenses. (Doc. 124). As noted, the Court first must decide whether Plaintiff has shown good cause under Rule 16(b) before turning to Rule 15(a) and Rule 15(c). The Court finds Plaintiff has cleared all three hurdles.

### A. Rule 16(b)

In evaluating good cause under Rule 16(b), diligence is key. *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007); *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). The moving party may still be found to have acted diligently when the factual basis supporting an amendment is not disclosed until after the deadline set in the scheduling order. *Cooke*, 2007 WL 188568, at *2. Plaintiff has shown good cause here.

Plaintiff contends he demonstrated "good cause" under Rule 16(b) because the factual basis supporting his proposed amendments was not disclosed until after the deadline to amend. (Doc. 117 at 3–6). Notably, Plaintiff served an initial set of discovery requests on Bucher Hydraulics, Inc. in August 2020, seeking identification of all people involved in the design of the Bucher valve. (*Id.* at 4). At no point in its response did Bucher Hydraulics, Inc. indicate that it did not design the Bucher valve. (*Id.*). Plaintiff served an additional set of discovery requests in May 2021, seeking clarification of Bucher Hydraulics Inc.,'s repeated objection to the initial discovery requests pertaining to the hydraulic lift valve. (*Id.*). Again, Bucher Hydraulics, Inc. did not state that it did not design or manufacture the Bucher valve in its response. (*Id.*). On October 24, 2022, during the deposition of its corporate representative, Defendant Bucher Hydraulics, Inc. identified "Bucher AG" as the company responsible for the manufacture of the valve. (*Id.* at 5; Doc. 117-4 at 2). Plaintiff prepared and filed its seventy-one (71) page Motion for Leave to Amend the

4

Complaint merely twenty-two (22) days after learning that Bucher AG designed the Bucher valve. (*See generally* Doc. 117).  The timeline shows that Plaintiff was diligent enough in seeking leave to amend.  *Woods v. FacilitySource, LLC*, No. 2:13-cv-621, 2014 WL 1783942, at *2 (S.D. Ohio May 5, 2014) (granting leave to amend where "[t]he record provid[ed] no basis from which [the] Court could conclude that Defendants lacked diligence in conducting discovery or in moving the Court after they discovered their claim").

Thus, pursuant to its "broad discretion in deciding motions for leave to amend," the Court finds that Plaintiff has exercised diligence in attempting to adhere to this Court's case schedule and fulfilled Rule 16(b)'s good cause requirement.

### B. Rule 15(a)

Plaintiff has also satisfied the standard set out in Rule 15(a).  The Court finds no evidence of bad faith or dilatory motive on Plaintiff's part.  Nor have there been repeated failures to cure deficiencies by amendments previously allowed.  Additionally, the Court notes that discovery is ongoing, with a deadline currently set for February 13, 2023.  (Doc. 116).  The Court expects the parties to comply with this deadline and thus no prejudice will result.

### C. Rule 15(c)

Finally, Plaintiff meets the relation back standard under Rule 15(c).  The amended complaint looks to add a prospective defendant after the statute of limitations for the product liability claim has run. (Doc. 117 at 8–9).  Thus, Plaintiff must demonstrate relation back to the original complaint, which was filed within the statute of limitations period.  The claim against prospective defendant Bucher AG arises out of the same conduct, transaction, or occurrence set out in the original pleading.  So, the central consideration is whether the prospective defendant had notice of such action and knew or should have known it would have been named as a defendant,

but for Plaintiff's mistake in their identity. *Kirk Excavating & Constr., Inc. v. Columbus Equip. Co.*, 704 F. App'x 492, 499 (6th Cir. 2017).

First, the notice element has been met. Bucher Hydraulics, Inc. and Bucher AG have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits. Defendant Bucher Hydraulics, Inc. provided in its corporate disclosure statement that it is owned by Bucher AG. (Doc. 10). Bucher AG, by virtue of its corporate interconnection to Defendant Bucher Hydraulics, Inc., were put on constructive notice that Plaintiff may seek to add them as a defendant. *Grubbs v. Sheakley Grp*., Inc., No. 1:13-cv-246, 2014 WL 202041, at *16 (S.D. Ohio Jan. 17, 2014) (finding that proposed defendants joined under the same corporate umbrella as existing defendants were put on constructive notice of action); *see also Paxton v. Cross Creek Apartments, LLC*, No. 19-13504, 2020 WL 5769071, at *7 (E.D. Mich. Sep. 25, 2020) (finding constructive notice where both entities have the same registered agent and use the same business and office address). And, again, Defendant Bucher Hydraulics Inc. consented to Plaintiff amending his complaint to add Bucher AG and clarify his claims against Bucher Hydraulics, Inc. (Doc. 124).

Regarding the final element, the Court finds that Bucher AG knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. It was apparent from Plaintiff's First Amended Complaint that he believed Bucher Hydraulics, Inc. was responsible for the design and manufacture of the lift control valve. (Doc. 39 at 7–12). In other words, Plaintiff was under the mistaken belief that Bucher Hydraulics, Inc. was responsible for the manufacture and design of the Bucher valve and did not know, prior to discovery, there were additional corporate entities under the Bucher umbrella which were instead responsible. (Doc. 117 at 3–5). The Court is satisfied that Bucher AG, because of its

6

interconnected corporate relationship to Defendant Bucher Hydraulics, Inc., knew or should have known, that but for Plaintiff's mistaken belief, the product liability claim would have been brought against them at the outset. In sum, the relation back standard is satisfied because this is a case of mistaken identity of the proper defendant, and the prospective defendants had both the notice and knowledge required by Rule 15(c).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**, and the Clerk is **DIRECTED** to docket (Doc. 117-5) as the Second Amended Complaint.

IT IS SO ORDERED.

Date: December 6, 2022

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE